**MARYLAND CASUALTY CO. v. STATE OF ARKANSAS, for Use and Benefit of MISSISSIPPI COUNTY, ARK., et al.**

No. 8630.

Circuit Court of Appeals, Eighth Circuit.

March 26, 1930.

Edward B. Klewer, of Memphis, Tenn., and Ashley Cockrill, of Little Rock, Ark. (Cockrill & Armistead, of Little Rock, Ark., and Davis & Costen, of Memphis, Tenn., on the brief), for appellant.

Max B. Reid and V. G. Holland, both of Blytheville, Ark. (Nelson & Crawford and Reid, Evrard & Henderson, all of Blytheville, Ark., and J. T. Coston, of Osceola, Ark., on the brief), for appellees.

Before STONE and GARDNER, Circuit Judges, and MILLER, District Judge.

MILLER, District Judge.

This is a suit in equity brought by the appellees, who were plaintiffs in the lower court, against the appellant and one Raymond Cooper to reform an official bond and recover thereon.

Raymond Cooper was elected treasurer of Mississippi county, Ark., on October 7, 1924, for a term of two years, beginning January 1, 1925, and ending January 1, 1927.

The pertinent provisions of the law of Arkansas relative to the bond in suit are found in section 3 of Act No. 125, p. 247, Special Acts of 1923.

Section 3. "The county treasurer shall be ex-officio collector of taxes, and shall give a bond in the sum of $200,000.00, conditioned as required by law. He shall maintain one office in the courthouse at Osceola, where he shall collect all taxes assessed in the Osceola district, and another office in the courthouse at Blytheville, where he shall collect all taxes assessed in the Chickasawba district. He shall devote his entire time to his official du-

ties, and shall personally conduct one of said offices, the other to be conducted by his chief deputy. He shall employ one chief deputy, and may, with the consent of the county court, employ two additional deputies, one for each office, for a period not exceeding three months in each year. He shall exact of his chief deputy a fidelity bond in the sum of $25,000."

In November, 1924, Cooper began negotiations with appellant with reference to furnishing the required bond, resulting in the execution on January 3, 1925, of Exhibit 17, as follows:

"Collector's Bond

"State of Arkansas

"Know All Men By These Presents:

"That I, Raymond Cooper, of Blytheville, Arkansas, as principal, and Maryland Casualty Company, of Baltimore, Maryland, as sureties, are jointly and severally held and bound unto the State of Arkansas for the use and benefit of the State of Arkansas, and unto the State of Arkansas for the use and benefit of Mississippi County, of the State of Arkansas, in the sum of Two Hundred Thousand and No/100 Dollars, the payment of which, well and truly to be made, we bind ourselves, our heirs, executors and administrators, firmly by these presents.

"Witness our hands and seals this 3rd day of January, A. D. 1925.

"The condition of the above obligation is such that, whereas, the above bounden Raymond Cooper, has heretofore been duly elected and commissioned as Treasurer of the County of Mississippi in the State of Arkansas, and is, by virtue of said office, ex officio collector of the revenue within and for said County for the time prescribed by law.

"Now, if the said Raymond Cooper shall faithfully perform the duties of collector of revenue for the County aforesaid for the year 1925 and shall well and truly pay over within the time prescribed by law to the proper officer designated by law to receive the same, all moneys collected by him by virtue of his said office, according to law, then this bond to be void; otherwise to be and remain in full force and effect.

"And conditioned further that in case the said Raymond Cooper as collector aforesaid, shall fail or refuse to pay into the State Treasury within the time prescribed by law, the amount which shall or may be found due from him as such collector to the State, it shall and may be lawful for the Auditor of State, within fifteen days after the time the

said collector is required by law to make his annual settlement with the State, to issue a warrant of distress against said collector and his sureties, as is now provided by law.

"Raymond Cooper,
"Maryland Casualty Company,
"By A. J. Wilson,
"Attorney in Fact.
"Witness: Edith Smith.
"Approved: 1–3–25.
"R. E. Holland, Judge.

"(This bond to be executed in duplicate and one forwarded to the Auditor of State After Approval by County Court.)"

Said bond was duly approved by the proper officials of Mississippi county, and duly filed in the auditor's office, as provided by law on January 10, 1925.

Cooper qualified and served as treasurer of Mississippi county for the term for which he had been elected.

The premium on the bond for the year 1925 was paid to and accepted by the appellant.

On April 10, 1925, the Supreme Court of Arkansas declared said Act No. 125 void in so far as it attempted to make the treasurer ex officio collector of taxes. Subsequent to April 10, 1925, Cooper made no attempt to perform the duties of collector of taxes, and some six or seven months later appellant renewed the bond for the year 1926 and received the premium for such renewal. Cooper did not, nor did the county require him to furnish any other bond.

Cooper was short in his accounts and became indebted to the county in the sum of $57,302.88 for moneys belonging to Mississippi county, coming into his hands as county treasurer. It is conceded that no part of such indebtedness to the county was on account of money received by him as ex officio collector of taxes.

Appellee, in its amended petition in the court below, alleges the execution of the bond, Exhibit 17, and that in executing the same the appellant and Cooper made a mutual mistake as to the conditions expressed therein, that the bond executed was not the full expression of the intention of the parties thereto nor of the law relative to the bond of the said Cooper as treasurer, in that it contained no condition or obligation that the said Cooper would truly account for and pay over all money that would come into his hands as treasurer. It also averred that Cooper, as treasurer, was indebted to the county in the sum of $61,792.36, for which it had ob-

tained judgment in the circuit court of Mississippi county, Ark., and prayed that the bond be reformed by the addition of a condition thereto that the said Cooper, as county treasurer, would truly account for and pay over all money that would come into his hands as treasurer, and for judgment against the appellant for the sum of $61,792.36.

Appellant filed its separate answer admitting the execution of Exhibit 17, and averred that the language, terms, stipulations, and provisions of the same correctly set forth and expressed its intentions and the limits of its obligations to Mississippi county as surety for Cooper, and denied that it intended to execute any bond on behalf of Cooper other than the one which it did execute and deliver. It denied that it made any mistake as to the conditions expressed in said bond, denied that it and Cooper had made any mutual mistake, and denied that the bond was incomplete and not the full expression of the intention of the parties thereto, and denied that through any such mistake the bond failed to contain a condition or obligation that Cooper would truly account for and pay over all money that would come into his hands as treasurer. It denied that the Act No. 125 aforesaid required the execution of a bond to cover the offices of treasurer and collector, and averred that Cooper was required to file two bonds, one as collector under Act No. 125 and another as treasurer under the general law, and prayed that the suit be dismissed.

To this answer Mississippi county filed a plea of estoppel averring that the appellant was estopped to deny its indebtedness as surety for Cooper as treasurer, because it conducted Cooper's defense in the circuit court and secured an allowance for Cooper of certain credits to which he claimed to be entitled, and because it accepted the premiums for the bond, to which the appellant filed a denial.

On the issues so framed the cause was tried in the lower court, and on March 11, 1929, the lower court entered its final decree adjudging that "said bond be and the same is hereby reformed so as to strike out the word 'collector' at the second place where it appears in said bond and insert in its stead the words 'treasurer and collector' and strike out the word 'collected' in the same paragraph and insert in its stead the words 'collected or received,'" and the court further gave judgment on the bond, as reformed, against appellant as surety, for Cooper as treasurer, in the sum of $64,396.

The lower court ignored the plea of estoppel and rested its decree squarely on the issue of mutual mistake, and reformed the bond accordingly.

■■ Therefore, the real question presented to this court is the sufficiency of the evidence to reform the bond for a mutual mistake. The burden of proof on that issue rested on the appellee. To entitle it to a reformation, the proof of the alleged mutual mistake must be clear, convincing, and satisfactory. Mathis v. Hemingway (C. C. A.) 24 F.(2d) 951; Philippine Sugar Co. v. Philippine Islands, 247 U. S. 385, 38 S. Ct. 513, 62 L. Ed. 1177; Bailey v. Lisle Mfg. Co. (C. C. A.) 238 F. 257, 258; Southern Surety Co. v. U. S. Cast Iron Pipe & F. Co. (C. C. A.) 13 F.(2d) 833.

The circumstances surrounding the taking of the bond in question are rather unique and not likely to again occur in any other case. Therefore, we think no useful purpose would be served by any extended analysis of the record made in this case bearing on the question of mutual mistake. Appellant strenuously argues that the appellee failed to sustain the burden of proof required under any adjudicated applicable rule. But a careful examination of the whole record has convinced us that the evidence, tested by the rule declared, amply justified the decree of the lower court.

■■ It is also urged that the bond in any event was ineffectual because never legally approved by the county. But the record shows the bond approved by the county judge, the proper officer unless some citizen expressed his dissatisfaction of the bond so approved. In that event the bond would require the approval of the circuit court or its judge. No such dissatisfaction was expressed by any citizen. In any event, the provision of the Arkansas law requiring the approval of the circuit court or judge thereof is for the protection of the state, and may not be urged by appellant against its liability. Auditor v. Woodruff, 2 Ark. 73, 33 Am. Dec. 368; Taylor v. Auditor, 2 Ark. 174.

Since the final submission of this case on November 27, 1929, appellee has filed in this court a petition for permission to file a bill of review or motion for rehearing for the purpose of introducing newly discovered evidence, consisting of two alleged letters from appellant to Raymond Cooper, which it is claimed were discovered since the final submission of this case in this court, and said to have a bearing on the question of mutual mistake. The petition prays that this court issue an order authorizing and directing the United States District Court for the Jonesboro Division of the Eastern District of Arkansas to reopen this case upon its docket without remanding the whole case to that court, for the sole purpose of hearing the newly discovered evidence, which is the subject of the petition, together with any evidence in contravention thereof which may be offered to that court by appellant, and that the District Court be further directed, after hearing and passing upon the admissibility of the evidence so offered to it, to certify a transcript of said evidence up to this court; that, upon such transcript being certified up to this court, the same be appended to and become a part of the record in this case as fully and to the same extent as though the same had been incorporated therein when said record was originally filed here, and that upon the happening of such event such newly discovered evidence be considered by this court in reaching a decision in this cause, until which time appellee respectfully prays this honorable court to withhold its judgment in this cause.

The practice suggested, at least to the writer of this opinion, is certainly novel, but in view of the conclusions of this court, with reference to the merits of the case, it would seem to require no further attention than to deny the petition, and it is so ordered.

The judgment of the lower court should be and is affirmed.